1    PATRICK E. PREMO (CSB No. 184915)
     ppremo@fenwick.com
2    LIWEN A. MAH (CSB No. 239033)
     lmah@fenwick.com
3    FENWICK & WEST LLP
     Silicon Valley Center
4    801 California Street
     Mountain View, CA  94041
5    Telephone:   (650) 988-8500
     Facsimile:    (650) 938-5200
6
     Attorneys for Plaintiff
7    SUCCESSFACTORS, INC.

**E-filing**

8

9                     UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                    **CV10    5471**

12   SUCCESSFACTORS, INC., a Delaware          Case No.
     corporation,
13                                             **COMPLAINT FOR INTENTIONAL
                  Plaintiff,                   INTERFERENCE WITH PROSPECTIVE
14                                             ECONOMIC RELATIONS, CONVERSION, FRAUD,
          v.                                   AND UNFAIR COMPETITION**
15
     HALOGEN SOFTWARE, INC., a                 **JURY TRIAL DEMANDED**
16   Canadian corporation; and DOES 1-5,
     inclusive,
17
                  Defendants.
18

19        Plaintiff SuccessFactors, Inc. ("SuccessFactors" or "Plaintiff"), for its complaint against

20   defendant Halogen Software, Inc. ("Halogen" or "Defendant") avers as follows, based on its own

21   knowledge as to the conduct of SuccessFactors and on information and belief, which it believes is

22   likely to have additional evidentiary support after discovery, as to all allegations as to the conduct

23   of Defendants.

24                            **INTRODUCTION**

25        1.     Plaintiff SuccessFactors is the target of a conscious, coordinated scheme by

26   Halogen, a direct competitor, to obtain highly sensitive information through false pretexting,

27   fraudulently posing as a prospective customer to gain information on pricing, product functionality,

28   and customized business proposals to compete unfairly against SuccessFactors, one of Halogen's

1   primary competitors.  Halogen's plan included setting up a bogus "mid-size" company —The

2   Magnus Group —replete with purportedly more than 500 employees and a sham website

3   (www.magnus-group.com) specially designed by an Ottawa design firm that has also worked with

4   Halogen.  Under the guise of The Magnus Group, one or more Halogen employees then falsely

5   represented to SuccessFactors they were a legitimate sales prospect wishing to purchase software

6   services from SuccessFactors, and repeatedly gained access to SuccessFactors' private

7   demonstrations and other product information up through the second week of September 2010.

8       2.     After an intensive sales effort by SuccessFactors over several weeks from July to

9   September 2010, including several in depth production demonstrations, Defendants' false pretext

10  culminated in an abrupt announcement on September 16, 2010 that The Magnus Group was—in

11  spite of its previous enthusiasm and interest—no longer interested in SuccessFactors' offerings.

12  Not coincidentally, that very same week, Halogen was hosting its annual user conference, a

13  conference that featured Halogen's "Performance Management" and "Talent Management"

14  solutions that directly compete with SuccessFactors.

15      3.     SuccessFactors brings this action to remedy Halogen's unlawful and deceptive acts,

16  to obtain immediate and permanent injunctive relief, and to recover damages and other monetary

17  relief.  SuccessFactors includes in this complaint claims for (i) Intentional Interference with

18  Prospective Economic Advantage; (ii) Conversion; (iii) Fraud, and (iv) Unfair Competition.

19                      **PARTIES**

20      4.     Plaintiff SuccessFactors is a Delaware Corporation with its principal place of

21  business at 1500 Fashion Island Boulevard, Suite 300, San Mateo, California, 94404.

22      5.     Defendant Halogen is a Canadian Corporation with its principal place of business at

23  495 March Road, Suite 500, Ottawa, Ontario, Canada.

24      6.     Plaintiff does not know the true names and capacities whether individual, corporate,

25  associate, or otherwise, of defendant DOES 1-5, inclusive.  On information and belief, each of the

26  DOES 1-5 is a person or entity that has participated, contributed, conspired, aided and abetted, or

27  ratified the conduct of Defendant Halogen, and has thereby materially contributed to its wrongful

28  acts.  SuccessFactors will amend the complaint to identify the true names of these Defendants when

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   they are determined, until which point they are sued herein by their fictitious names.  On

2   information and belief, each of the Defendants was acting as an agent and co-conspirator with each

3   of the other Defendants in pursuit of the wrongful acts and objectives described herein.

4   **JURISDICTION**

5       7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

6   § 1332 (diversity) and 28 U.S.C. §1367 (pendent jurisdiction).  The matter in controversy

7   exceeds, exclusive of interest and costs, the sum of seventy–five thousand dollars.

8       8.      Personal jurisdiction over Defendants is proper in that Halogen does business in

9   this jurisdiction, including with its customers Jelly Belly, Amcor Sunclipse, San Diego Zoo, and

10  California Health Care Foundation, all of which, based on information and belief, reside in

11  California.  Defendants have purposefully availed themselves of the benefits of this jurisdiction

12  and targeted their conduct against SuccessFactors here.  SuccessFactors has also suffered injury in

13  substantial part within this judicial district.

14  **VENUE AND INTRADISTRICT ASSIGNMENT**

15      9.      Venue is proper in the district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) in that

16  Plaintiff SuccessFactors is headquartered in this district, a substantial part of the events and injury

17  giving rise to the claims set forth herein have arisen in and caused harm in this district, and

18  Defendants have directed their acts toward this district.  Pursuant to Local Rules 3-5(b) and 3-2(d),

19  this case is properly assigned to the San Francisco Division or Oakland Division.

20  **FACTS**

21  **SuccessFactors and Halogen**

22      10.     SuccessFactors is a publicly traded company formed in May 2001.  SuccessFactors

23  provides businesses of various sizes, industries, and geographies with performance and talent

24  management software that enables companies to manage their workforce effectively and maximize

25  employee productivity.  SuccessFactors' system provides many benefits compared to traditional

26  human resources systems.  Unlike traditional paper-based processes, custom-built systems, third-

27  party systems, or point applications designed to address specific needs, SuccessFactors' software

28  solution is available on-demand and is accessible to customers via the internet.

11.     SuccessFactors has enjoyed successful sales of its solutions with a large and strong customer base.  It now has over 3,000 customers in more than sixty industries.

12.     Halogen also offers human resource management systems and competes head-to-head with SuccessFactors for the same customers.  Halogen has not enjoyed the level of success that SuccessFactors has in terms of overall revenue or number of satisfied customers.

### Defendants' Wrongful Acts

**A.     Halogen's Interest in Performance Management and Talent Management**

13.     SuccessFactors operates in an intensely competitive environment occupied by more than twenty other competitors.  Gartner, Inc., a market research company, has observed, "[t]he market for employee performance management software is intense, and many vendors want in on the action."

14.     Two key components of SuccessFactors' offerings are tools for Performance Management and Talent Management.  Performance Management tools allow companies to identify their best workers, revolutionize the employee evaluation process, and optimize workforce performance through intelligent feedback and incentives.  Talent Management tools allow companies to manage recruiting, employee development, compensation, and succession plans to attract, develop, and retain valued workers.

15.     Halogen is a competitor whose website describes its business offerings as "Performance & Talent Management Made Easy."  Halogen competes primarily on price, attempting to undercut SuccessFactors by claiming to offer the same or similar services at a reduced price.  Knowing SuccessFactors product features and functionality, and how SuccessFactors prices its product offerings and bundles its services would be crucial to successful implementation of Halogen's sales approach.  Halogen also made plans to host a major user conference in mid-September 2010, a conference that Halogen has said drew "hundreds of customers" from five continents.

16.     Halogen's director of product development, Dawn MacKay, registered her name on SuccessFactors' website and accessed SuccessFactors' web pages as early as March 2008.  The web pages viewed from her computer revealed a strong interest in Talent Management and

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   Performance Management solutions for mid-size businesses (with 501-1500 employees). Access to

2   SuccessFactors' web pages from her computer increased in spring 2009 and continued regularly

3   and frequently over the ensuing year. Most of the time, her visits to SuccessFactors' web pages

4   originated from IP address 67.210.164.158, an IP address owned by Halogen.

5         17.    According to her biography on Halogen's website, MacKay oversees all product

6   management functions of Talent Management at Halogen. She was the keynote speaker on

7   September 17, 2010 at Halogen's user conference. Her topic was Talent Management.

8   **B.    Halogen's Use of a Phony Business to Infiltrate SuccessFactors' Sales Process**

9         18.    On May 3, 2010, SuccessFactors announced its plans to acquire CubeTree, Inc., a

10  company that produces social business software that better allows employees to communicate and

11  share ideas. This was SuccessFactors' second acquisition in less than five months in 2010.

12  Strategic consulting firm THINKstrategies called the acquisition "an important deal from a market

13  point of view" because of the urgency to integrate social networking software into business

14  enterprise environments. The SuccessFactors web pages discussing the acquisition appear to have

15  been accessed that same day from a computer tied to Dawn MacKay.

16        19.    On May 12, 2010, the www.Magnus-Group.com domain was set up. The Magnus-

17  Group.com website describes the Magnus Group as a "strategic consulting firm that blends

18  Business [sic] efficient strategies with over 20 years of solution integration leadership experience."

19  Among the purported services offered are "Lifecycle Services" and "Business Process

20  Management." No telephone number is shown, but the website lists an email address,

21  magnus.group@magnus-group.com, and headquarters address of 1951 Morthland Dr., Valparaiso,

22  IN  46383. SuccessFactors is informed and believes, and on that basis avers, that no company

23  named Magnus Group has ever been at this property, which is currently for sale and, based on

24  information and belief, previously housed the headquarters of the Family Express convenience

25  stores since approximately 2003.

26        20.    The www.Magnus-Group.com website showed that it was designed by Creative

27  Equilibrium Design Inc. ("Creative Equilibrium"), a one-person design company based in

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Halogen's home city, Ottawa, Canada.  The Creative Equilibrium portfolio on its website shows

2    that it has also designed web pages for Halogen.

3         21.     On or about July 13, 2010, several SuccessFactors web pages were accessed for the

4    first time from IP address 70.51.239.101, based on SuccessFactors' web activity logs.

5    SuccessFactors is informed and believes, and on that basis avers, that this IP address originates

6    from Ottawa, Canada.

7         22.     On or about July 26, 2010, a woman purporting to be "Anna Rodriguez" from The

8    Magnus Group contacted SuccessFactors.  She represented that she was the human resources

9    director of the Magnus Group in Indiana and was interested in learning more about SuccessFactors'

10   Performance Management solutions.

11        23.     Based on this representation, SuccessFactors sent Rodriguez a sales email and

12   initiated the sales process with her.  SuccessFactors is informed and believes, and on that basis

13   avers, that this initial email sent to Rodriguez was opened from a computer tied to Halogen's

14   67.210.164.158 IP address.  SuccessFactors' website received requests from both IP address

15   70.51.239.101 and Halogen's 67.210.164.158 IP address that day.  A significant percentage of

16   Rodriguez's online activity centered on viewing information about SuccessFactors' own

17   "SuccessConnect" user conferences across several geographies.

18        24.     On or about August 12, 2010, Rodriguez had a telephone call with SuccessFactors

19   regional sales manager Scott Larkins.  Rodriguez represented that she had been with The Magnus

20   Group for a year and a half, and that her company had tripled in size with an annual growth in

21   headcount of 10%.  Rodriguez further represented that The Magnus Group had just over 500

22   employees, making it clear that her interest was in SuccessFactors' solutions for mid-size

23   businesses.  Rodriguez insisted on seeing a sales demonstration, and Larkins arranged to present

24   one on August 19, 2010.  On August 17, 2010, Rodriguez informed Larkins that "Judy," one of her

25   "recruiter" colleagues would be joining her for the demonstration.

26        25.     Larkins requested further information from Rodriguez regarding The Magnus Group

27   to ensure that he understood how SuccessFactors could best meet its business needs.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

26.     Larkins presented his demonstration during a nearly three-hour web meeting to Rodriguez and her "recruiter" colleague on or about August 19, 2010.  SuccessFactors' demonstrations and related materials are proprietary.  SuccessFactors sales representatives tailor them to satisfy prospective customers' interests.

27.     After the demonstration, Rodriguez represented that her company was serious about potentially purchasing SuccessFactors' offerings, sought additional proprietary information from Larkins, and requested additional demonstrations that were held on or about August 27 and August 30, 2010, regarding SuccessFactors' functionality such as CubeTree and Collaboration features.  Among the information she requested was pricing for multiple SuccessFactors products.

28.     On or about August 31, 2010, Rodriguez—still representing that The Magnus Group was interested in purchasing from SuccessFactors—requested even "more details" from Larkins, including non-public information about:

- Number of hours of training included in cost
- Training delivery method - web, on-site, classroom, other
- Targeted training audience - end user, administration, "train-the-trainer," other
- Types of courses - end user usage, configuration setup
- Implementation assistance - dedicated implementation team or 1 dedicated implementation analyst
- Configuration setup - are there limitations? # of appraisal forms, etc?
- Average length of time to implement each module, and
- Customer Support specifics about the hours of operation, emergency coverage options, locations of support centers.

29.     Larkins provided Rodriguez with additional non-public information about pricing and customized proposals about how SuccessFactors solutions could assist her mid-sized company. Among the information he provided were the following:

- Materials on Performance Management and Talent Management
- Pricing for the Magnus Group's supposed mid-size business needs

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1        •    Pricing and information about training, training delivery methods, types of

2            courses

3        •    Information about SuccessFactors' processes of implementing its solutions

4            for customers as well as the average times and scope for implementation

5       30.     On or around September 9, 2010, she requested and received pricing from Larkins

6 about SuccessFactors' newly acquired CubeTree solutions.  When he provided Rodriguez with the

7 information, it was accompanied by the admonition: "The attached proposal contains confidential

8 and proprietary information of SuccessFactors.  This proposal and other SuccessFactors proposals

9 may only be used for internal business purposes, and may only be disclosed to third parties with

10 SuccessFactors' prior written approval."

11       31.     On September 16, 2010, the day before keynote addresses at Halogen's user

12 conference, Rodriguez emailed Larkins to say that Magnus Group was no longer interested in

13 purchasing anything from SuccessFactors.  Rodriguez explained that Magnus Group made its

14 decision based on her understanding that SuccessFactors does not offer an integrated payroll and

15 benefits system, which in fact SuccessFactors does offer.  Larkins promptly responded to

16 Rodriguez's email to correct her apparent misunderstanding, but neither Rodriguez nor anyone

17 from The Magnus Group has since communicated with Larkins or SuccessFactors.

18       32.     Upon further investigation, SuccessFactors discovered that neither the physical

19 address nor telephone number listed on The Magnus Group website turned out to be legitimate

20 contact information.  A telephone number provided by Rodriguez did not connect to Rodriguez, but

21 instead, when called, resulted in an automated error message being played.

22       33.     On or about September 17, 2010, Larkins contacted Creative Equilibrium, whose

23 name appeared on the website for information about Magnus Group.  Creative Equilibrium

24 informed him that it designed the website for an Ottawa company, not a company in Valparaiso,

25 Indiana.  The Magnus Group website no longer carries any mention of Creative Equilibrium.

26       34.     The email headers of emails sent from Rodriguez to Larkins reveal that they

27 originated from the IP address (67.210.164.158) registered to Halogen.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**C.      The Injury Caused By Defendants' Fraudulent Posing as a SuccessFactors Customer**

35.      Halogen's receipt of proprietary information from SuccessFactors has undermined, and will only continue to undermine, SuccessFactors' sales efforts with other customers and prospective customers.  Furthermore, that information, as long as Halogen continues to possess and use it, will cause SuccessFactors damage and irreparable harm.  Halogen's continued use of the pricing and product information it wrongly obtained will cost considerable, untold sales, as well as injury to goodwill that SuccessFactors has spent many years carefully cultivating as the leader in its market.

**FIRST CLAIM FOR RELIEF**
**(Intentional Interference with Prospective Economic Relations)**

36.      Plaintiff realleges and incorporates paragraphs 1-35 averred above into this Claim for Relief as if set forth herein.

37.      SuccessFactors has prospective economic relations with certain prospective customers to potentially purchase SuccessFactors' performance management and talent management software products or otherwise do business with SuccessFactors.  Such relationships have or had substantial likelihood of economic benefit for SuccessFactors.

38.      Defendants have knowledge of SuccessFactors' prospective economic relations with these prospective customers, and in many cases were and are directly soliciting such customers for Halogen's account.

39.      Defendants have intentionally interfered with these prospective economic relationships by inducing SuccessFactors' prospective customers to refrain from purchasing SuccessFactors' products or otherwise doing business with SuccessFactors.  Defendants' steps described above were designed to disrupt SuccessFactors' prospective economic relationships.

40.      In doing so, Defendants have acted wrongfully, through misuse of SuccessFactors' proprietary, non-public information procured by fraud.

41.      As a direct and proximate result of the intentional interference alleged above, SuccessFactors' prospective economic relations with certain prospective customers have been disrupted, interrupted completely, or made more difficult or costly to achieve.

42.     As a direct and proximate result of the intentional interference with prospective economic relations by Halogen alleged above, SuccessFactors has suffered loss, damage and injury in an amount to be proven at trial.

43.     On information and belief, the intentional interference with prospective economic relations by Halogen alleged above was conducted maliciously, oppressively, fraudulently and/or without regard to SuccessFactors' rights.  Accordingly, Defendants are liable for punitive damages in an amount to be established at trial.

44.     As a direct and proximate result of the intentional interference with prospective economic relations by Defendants alleged above, SuccessFactors has suffered and will continue to suffer irreparable harm.  Defendants threaten to continue to engage in such unlawful acts, and unless and until restrained and enjoined by this Court, will do so.  SuccessFactors' remedy at law is not by itself adequate to compensate SuccessFactors for the harm inflicted and threatened by Defendants.  SuccessFactors is therefore entitled to preliminary and permanent injunctive relief restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts to interfere with, or to induce breaches of, SuccessFactors' prospective economic relationships.

**SECOND CLAIM FOR RELIEF**
**(Conversion)**

45.     Plaintiff incorporates by reference paragraphs 1-35 averred above into this Claim for Relief as if set forth herein.

46.     Defendants wrongfully obtained SuccessFactors' property, specifically product and pricing information, that belongs to SuccessFactors and that SuccessFactors only provides for legitimate business purposes, such as to bona fide prospective customers.

47.     From August through mid-September 2010, Halogen took this property from SuccessFactors' possession and converted it to Halogen's own use.

48.     Had SuccessFactors known that Magnus Group was a false front for Halogen, SuccessFactors would never have made its property available to Halogen and/or would have sought the immediate return of its property.

49.     Such property has been the subject of efforts that were reasonable under the circumstances to maintain its proprietary nature, including SuccessFactors' investigation of the Magnus Group website at the beginning of the sales effort in August 2010 to confirm the legitimacy and business purpose of The Magnus Group, and SuccessFactors' admonitions that its property was "confidential and proprietary information of SuccessFactors."

50.     SuccessFactors is informed and believe, and on that basis avers, that Halogen used SuccessFactors' property obtained by Rodriguez, without SuccessFactors' express or implied consent, knowing or having reason to know Rodriguez used improper means to acquire the property, as set forth above.

51.     As a direct and proximate result of Defendants' conversion, Plaintiff has suffered actual damages in an amount to be proven at trial.  Between the time of Defendants' conversion of the above-mentioned property to Halogen's own use and the filing of this action SuccessFactors has also expended the time and money in pursuit of the converted property, all to SuccessFactors' further damage.  In addition, SuccessFactors is informed and believe, and on that basis avers, that Halogen and the Doe Defendants have been unjustly enriched.  Plaintiff is, therefore, entitled to recover compensatory damages and restitution from Halogen and the Doe Defendants in an amount to be determined at trial.

52.     The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

53.     As a direct and foreseeable result of Defendants' conversion, Plaintiff has suffered and will continue to suffer irreparable harm, including but not limited to Defendants' further exploitation of Plaintiff's property and a loss of SuccessFactors' competitive advantage.  Plaintiff is informed and believes, and based thereon alleges, that unless Defendants are enjoined, they will continue to inflict great and irreparable harm, including the further misuse of Plaintiff's property.  Plaintiff's remedy at law is not by itself adequate to compensate them for the harm inflicted by Defendants.  Accordingly, Plaintiff is entitled to injunctive relief.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## THIRD CLAIM FOR RELIEF
### (Fraud & Deceit)

54.     Plaintiff incorporates by reference paragraphs 1-35 averred above into this Claim for Relief as if set forth herein.

55.     Beginning in late July 2010 and continuing through mid-September 2010, Defendants, specifically Rodriguez purporting to be from The Magnus Group, which SuccessFactors only later learned to be a sham company, made false representations to SuccessFactors, as identified with particularly above at paragraphs 22, 24-27, and 31.  Defendants represented Magnus Group to be a potential customer to SuccessFactors, to be a functioning company, and to have a legitimate interest in purchasing SuccessFactors' solutions, even though Magnus Group is not what its website or Rodriguez purported it to be and had no legitimate need for SuccessFactors' products.

56.     Defendants concealed their true identity when engaging in a sales process with SuccessFactors.  Using the above knowingly false representations, Halogen, in the guise of The Magnus Group, contacted SuccessFactors to request multiple live product demonstrations, and to obtain other proprietary information and pricing data from SuccessFactors.  Defendants concealed that the actual purpose of the demonstrations and requests for product and pricing information was to obtain access to information for Halogen.

57.     Defendants, acting as agents or employees of Halogen, falsely represented Magnus Group as a potential customer to SuccessFactors, and represented Magnus Group as a functioning company during their attendance at three web-based meetings with SuccessFactors' personnel in August 19, 27 and 30, 2010 with the intent of obtaining detailed explanations of SuccessFactors' products from its sales representative, Scott Larkins.

58.     When Halogen made the above representations, it knew them to be false and made them with the intention to deceive and defraud SuccessFactors and to induce it to act in reliance on those representations in the manner alleged below.

59.     SuccessFactors, at the time these representations were made by Halogen and at the time SuccessFactors took the actions herein alleged, was ignorant of the falsity of the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    representations and believed them to be true.  In reliance on these representations, SuccessFactors

2    was induced to and did provide access to Halogen, posing as Magnus Group, to proprietary and

3    confidential product information and sales proposals, and did disclose proprietary information

4    during three web-based meetings with Halogen, posing as The Magnus Group, in August 2010.

5    Had SuccessFactors known the actual facts, it would not have provided such access and

6    information.  SuccessFactors' reliance was reasonable because it was aware of no facts to give rise

7    to any suspicion to the contrary.

8        60.    As the proximate and actual result of Defendants' fraudulent conduct,

9    SuccessFactors suffered damages in an amount to be proven at trial, including the substantial

10    detriment caused to SuccessFactors' ability to compete on even footing with Halogen as a result

11    of Halogen having obtained access to SuccessFactors' confidential and proprietary sales, product,

12    and pricing information.

13        61.    The aforementioned conduct of Halogen constituted intentional

14    misrepresentations, deceit, and/or concealment of material facts known to Halogen with the

15    intention on the part of Halogen of thereby depriving SuccessFactors of property and/or otherwise

16    causing injury and subjected SuccessFactors to unjust hardship in conscious disregard of

17    SuccessFactors' rights, so as to justify an award of exemplary and punitive damages.

18                    **FOURTH CLAIM FOR RELIEF**
                          **(Unfair Competition)**
19                  (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

20        62.    Plaintiff realleges and incorporates paragraphs 1-61 averred above into this Claim

21    for Relief as if set forth herein.

22        63.    Halogen's acts as alleged herein constitute unfair competition in that such acts were

23    and are unlawful, unfair, deceptive, and/or fraudulent business acts or practices in violation of Cal.

24    Bus. & Prof. Code §§ 17200, *et seq.*  The unlawful business practices are described in detail in the

25    foregoing paragraphs, and include:

26            a.    Unlawful practices in the nature of interference with prospective economic

27                  relations, as described above;

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

b.      Unlawful practices in the nature of conversion of property, as described above; and

c.      Unlawful practices in the nature of fraud, as described above.

64.   In addition, Defendants have, on information and belief, engaged in fraudulent, deceptive, and unfair business practices through statements communicated to SuccessFactors' customers and to the public, through user conferences and otherwise, as alleged above.

65.   In addition, Defendants have engaged in unfair business practices through the facts alleged above, including, without limitation, by intentionally diverting SuccessFactors' customers.

66.   As a direct and proximate result of Defendants' unfair competition, SuccessFactors has suffered loss, damage and injury entitling SuccessFactors to restitution of all amounts unlawfully gained by Defendants.

67.   As a direct and proximate result of Defendants' unfair competition, SuccessFactors has suffered and will continue to suffer irreparable harm. Defendants threaten to continue to engage in such unlawful acts, and unless and until restrained and enjoined by this Court, will do so. SuccessFactors' remedy at law is not by itself adequate to compensate SuccessFactors for the harm inflicted and threatened by Defendants.  SuccessFactors is therefore entitled to preliminary and permanent injunctive relief restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, SuccessFactors prays for judgment against Defendants as follows:

1.      For temporary, preliminary, and permanent injunctive relief against Defendants, requiring Defendants, their officers, employees, agents, or anyone working for, in concert with or on behalf of them, or anyone who receives actual notice of the injunction:

a.      To refrain from publishing, circulating, emailing, making available, using, or otherwise distributing any information received from SuccessFactors by The Magnus Group (or persons purporting to be associated with The Magnus Group), in whole or in part, and to refrain

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  from using SuccessFactors' information in any way in connection with the promotion, marketing,

2  offer for sale, or distribution of human resource management products;

3          b.      To refrain from wrongfully interfering with or disrupting any prospective

4  economic relations SuccessFactors has with any prospective customers through any use of

5  materials obtained by The Magnus Group (or persons purporting to be associated with the Magnus

6  Group);

7          c.      To deliver to Plaintiff or this Court all property, documents, materials or

8  other things in Defendants' possession, which embody, contain, or reference SuccessFactors'

9  confidential, proprietary information, including but not limited to any Halogen information

10  generated by use or reference to Plaintiff's confidential, proprietary information;

11      2.      For an award of actual, compensatory, special, and consequential damages

12  according to proof.

13      3.      For an award of general damages for injury to reputation according to proof.

14      4.      For an award of punitive and exemplary damages according to proof.

15      5.      For an order granting restitution and disgorgement of any profits of the Defendants

16  from their wrongful conduct according to proof, including any interest in money or property,

17  which may have been acquired by means of Defendants' conversion, unfair competition or other

18  unlawful acts.

19      6.      For attorneys' fees and costs of suit.

20      7.      For such further relief as the Court may deem necessary and appropriate.

21

22  Dated:  December 2, 2010     FENWICK & WEST LLP

23

24                     By:

25                           Patrick E. Premo

26                Attorneys for Plaintiff SUCCESSFACTORS, INC.

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

2    **DEMAND FOR JURY TRIAL**

3        Plaintiff hereby demands a trial by jury on all claims.

4    Dated: December 2, 2010                    FENWICK & WEST LLP

5                                               By: _____
                                                        Patrick E. Premo
6
                                               Attorneys for Plaintiff SUCCESSFACTORS, INC.
7
                                                                    1292425
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

COMPLAINT                        - 16 -