UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUCCESSFACTORS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>HALOGEN SOFTWARE, INC.,<br><br>Defendant. | Case No: C 10-5471 SBA<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Dkts. 18, 29 |

On December 6, 2010, Plaintiff filed an Administrative Motion to File Under Seal a portion of a declaration that Plaintiff had previously filed in support of its motion for a temporary restraining order. Dkt. 18. The motion for a temporary restraining order was later resolved through a stipulated order. Plaintiff accompanied its administrative motion with a declaration from its counsel, asserting, in a summary fashion, that the information is sealable because it contains "confidential information." Dkt. 18-1.

On January 3, 2011, Plaintiff filed an "Amended" Administrative Motion to File Under Seal, adding another declaration excerpt to its initial sealing request. Dkt. 29. Again, Plaintiff accompanied its administrative motion with a declaration from its counsel, asserting that the information is sealable because it contains "confidential information." Dkt. 29-1.

Defendant filed an opposition to Plaintiff's Amended Administrative Motion to File Under Seal on January 7, 2011, asserting, inter alia, that Plaintiff has not shown good cause for granting the motion. On January 10, 2011, Plaintiff filed a reply in support of its Amended Administrative Motion and included with its reply a declaration from Plaintiff's Regional Sales Director, Scott Larkin, in which Mr. Larkin provides an additional description of the purportedly confidential nature of the information. Dkt. 35. However, as correctly noted by Defendant in its subsequent request to strike Plaintiff's reply, Civil Local Rule 7-11 does not

| | |
|---|---|
| 1 | provide for the filing of a reply in support of an administrative motion, and Plaintiff had not |
| 2 | sought leave to file a reply.  See Civil Local Rule 7-11(c) (administrative motions are "deemed |
| 3 | submitted for immediate determination without hearing on the day after the opposition is due"). |
| 4 | Moreover, the flaw in Plaintiff's back-ended approach is that it deprives Defendant of the |
| 5 | opportunity to address arguments and evidence that Plaintiff should have presented in it |
| 6 | moving papers.  See Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1263 (9th Cir. 2010) |
| 7 | ("Our adversarial system depends on the principle that all sides to a dispute must be given the |
| 8 | opportunity to fully advocate their views of the issues presented in a case.").  Accordingly, |

IT IS HEREBY ORDERED THAT Plaintiff's Administrative Motions to File Under Seal (Dkts. 18, 29) are DENIED as procedurally improper, without prejudice to re-filing in accordance with Civil Local Rule 7-11 and General Order 62 (Electronic Filing of Documents Under Seal).  Defendant's request to strike Plaintiff's reply (Dkt. 39) is DENIED as MOOT. This order terminates Dockets 18, 29, and 39.

IT IS SO ORDERED.

Dated: March 10, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge